JOHN R. SHUMAN, JR. (Bar No. 100236)
Email: bob.shuman@dlapiper.com
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303
Tel:   650.833.2000
Fax:   650.833.2001

TONYA M. CROSS (Bar No. CA 236867)
Email: tonya.cross@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101
Tel:   619.699.3548
Fax:   619.699.2701

Attorneys for Defendants
MATERIAL IN MOTION, INC. and TED SALAH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ZURITA,<br><br>   Plaintiff,<br><br>v.<br><br>MATERIAL IN MOTION, INC., TED SALAH and DOES 1-10,<br><br>   Defendants. | CASE NO. C07 05729 RMW PVT<br><br>**MATERIAL IN MOTION, INC. AND TED SALAH'S ANSWER TO COMPLAINT** |

**DEFENDANTS MATERIAL IN MOTION, INC. AND TED SALAH'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Material In Motion, Inc. and Ted Salah ("Defendants") answer Plaintiff's Complaint as follows:

**NATURE OF CLAIM**

1.  Defendants deny that Plaintiff was employed by Material In Motion, Inc. during the last four years prior to the filing of the Complaint. However, Defendants admit that since in or about January 2006, Plaintiff has provided services to Defendant Material In Motion, Inc. on

an hourly basis. The remainder of paragraph 1 is a statement of relief sought by Plaintiff to which Defendants admit that Plaintiff seeks the relief identified in paragraph 1 of the Complaint, but deny Plaintiff is entitled to this relief.

## PARTIES

2. Defendants lack sufficient information and belief as to the allegations of paragraph 2 of the Complaint and on that basis, deny such allegations.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit that Defendant Ted Salah is the owner of Defendant Material In Motion, Inc. Defendants further admit that Defendant Ted Salah had indirect control over Plaintiff's work condition and work situation while Plaintiff performed services for Defendant Material in Motion, Inc. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, and on that basis, deny such allegations.

## GENERAL ALLEGATIONS

5. Defendants admit that Defendant Material In Motion, Inc. is a corporation doing business in Mountain View, California. Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6. Defendants deny the allegations of paragraph 6 of the Complaint.

7. Defendants admit that in some instances Plaintiff worked in excess of 8 hours per day or more than 40 hours per week. However, Defendants deny that such hours were worked "during the course of Plaintiff's employment with MATERIAL IN MOTION, INC." as Plaintiff was an independent contractor. Except as expressly admitted, Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

9. Defendants deny that Plaintiff's position with Defendant Material In Motion, Inc. was that of a "construction worker." The allegations of paragraph 9 of the Complaint as to the applicability of the Fair Labor Standards Act are legal conclusions that do not require a response. Defendants admit the remaining allegations of paragraph 9 of the Complaint.

10. Defendants lack sufficient information and belief as to whether Plaintiff maintained any professional license with the state or practiced any recognized profession and on that basis, deny such allegations. Defendants admit the remaining allegations of paragraph 10 of the Complaint.

### COUNT ONE: VIOLATION OF CA LABOR CODE SECTION 510
### FAILURE TO PROPERLY PAY OVERTIME WAGES

11. Defendants reallege and reincorporate by reference their responses to all other paragraphs in the Complaint, as if fully set forth herein.

12. The allegations of paragraph 12 of the Complaint are a recitation of the law and legal conclusions that require no response.

13. Defendants admit that in some instances Plaintiff, while working as an independent contractor for Defendant Material in Motion, Inc., worked in excess of 8 hours per day or more than 40 hours per week. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 13 of the Complaint.

14. The allegations of paragraph 14 of the Complaint are a recitation of the law that require no response.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants lack sufficient information and belief as to whether Plaintiff has incurred costs and attorney's fees in this action and on that basis, deny such allegations. The remainder of paragraph 18 of the Complaint consists of a statement of relief sought by Plaintiff to which Defendants admit that Plaintiff seeks the relief identified in paragraph 18 of the Complaint, but deny Plaintiff is entitled to such relief.

### COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PROPERLY PAY OVERTIME WAGES

19. Defendants reallege and reincorporate by reference their responses to all other paragraphs in the Complaint, as if fully set forth herein.

20. Paragraph 20 of the Complaint consists of a legal conclusion as to the applicability of the Fair Labor Standards Act to which no response is required. Defendants deny the remaining allegations of paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint consists entirely of a statement of law to which no response is required.

22. Defendants admit that on occasion Plaintiff, while working as an independent contractor for Defendant Material in Motion, Inc., worked in excess of forty hours per week and that Plaintiff was not paid one and one half times his regular rate of pay for such hours. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

## COUNT THREE: VIOLATION OF CA LABOR CODE SECTION 201

## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

28. Defendants reallege and reincorporate by reference their responses to all other paragraphs in the Complaint, as if fully set forth herein.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint consists entirely of a legal conclusion and statement of the law to which no response is required.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants lack sufficient information and belief as to whether Plaintiff has incurred costs and attorney's fees in this action and on that basis, deny such allegations. The remainder of paragraph 32 of the Complaint consists of a statement of relief sought by Plaintiff to which Defendants admit that Plaintiff seeks the relief identified in paragraph 32 of the Complaint, but deny Plaintiff is entitled to such relief.

33. Paragraph 33 of the Complaint consists entirely of a statement of relief sought by Plaintiff to which Defendants admit that Plaintiff seeks the relief identified in paragraph 33 of the Complaint, but deny Plaintiff is entitled to such relief.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

34. Defendants reallege and reincorporate by reference their responses to all other paragraphs in the Complaint, as if fully set forth herein.

35. Paragraph 35 of the Complaint consists of a legal conclusion and statement of the law to which no response is required. Defendants deny the remaining allegations of Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint consists of a legal conclusion and statement of the law to which no response is required. Defendants deny the remaining allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint includes a statement of relief sought by Plaintiff to which Defendants admit that Plaintiff seeks the relief identified in paragraph 41 of the Complaint, but deny Plaintiff is entitled to such relief. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 41 of the Complaint.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226 INADEQUATE PAY STATEMENTS

42. Defendants reallege and reincorporate by reference their responses to all other paragraphs in the Complaint, as if fully set forth herein.

43. Paragraph 43 of the Complaint consists entirely of a statement of the law to which no response is required.

44. Paragraph 44 of the Complaint consists entirely of a statement of the law to which

1  no response is required.

2  45.  Defendants deny the allegations of paragraph 45 of the Complaint.

3  46.  Defendants deny the allegations of paragraph 46 of the Complaint.

4  47.  Defendants deny the allegations of paragraph 47 of the Complaint.

5  48.  Defendants deny the allegations of paragraph 48 of the Complaint.

6  49.  Defendants lack sufficient information and belief as to whether Plaintiff has

7  incurred costs and fees in bringing this action and on that basis, deny such allegations. The

8  remainder of paragraph 49 of the Complaint consists of a statement of relief sought by Plaintiff to

9  which Defendants admit that Plaintiff seeks the relief identified in paragraph 49 of the Complaint,

10  but deny Plaintiff is entitled to such relief.

## PRAYER FOR RELIEF

12  50.  Defendants admit that Plaintiff seeks the relief identified in paragraph 50 of the

13  Complaint, but deny Plaintiff is entitled to this relief.

14  51.  Defendants admit that Plaintiff seeks the relief identified in paragraph 51 of the

15  Complaint, but deny Plaintiff is entitled to this relief.

16  52.  Defendants admit that Plaintiff seeks the relief identified in paragraph 52 of the

17  Complaint, but deny Plaintiff is entitled to this relief.

18  53.  Defendants admit that Plaintiff seeks the relief identified in paragraph 53 of the

19  Complaint, but deny Plaintiff is entitled to this relief.

20  54.  Defendants admit that Plaintiff seeks the relief identified in paragraph 54 of the

21  Complaint, but deny Plaintiff is entitled to this relief.

22  55.  Defendants admit that Plaintiff seeks the relief identified in paragraph 55 of the

23  Complaint, but deny Plaintiff is entitled to this relief.

24  56.  Defendants admit that Plaintiff seeks the relief identified in paragraph 56 of the

25  Complaint, but deny Plaintiff is entitled to this relief.

26  57.  Defendants admit that Plaintiff seeks the relief identified in paragraph 57 of the

27  Complaint, but deny Plaintiff is entitled to this relief.

28  58.  Defendants admit that Plaintiff seeks the relief identified in paragraph 58 of the

Complaint, but deny Plaintiff is entitled to this relief.

## SEPARATE AFFIRMATIVE DEFENSES

As a separate and further answer to Plaintiff's Complaint, these answering Defendants set forth the below affirmative defenses. By setting forth the affirmative defenses below, Defendants do not assume the burden of proving any facts, issues or elements of a cause of action where such burden properly belongs to Plaintiff. For their affirmative defenses, Defendants allege upon information and belief the following:

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Cause Of Action – As To All Counts)**

Plaintiff's Complaint fails to state facts sufficient to constitute a valid count against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations – As To All Counts)**

Plaintiff's counts are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure section 335.1, 338, and/or 340, California Business and Professions Code section 17208 and 29 U.S.C. § 255.

### THIRD AFFIRMATIVE DEFENSE

**(Independent Contractor – Lack of Standing – As to All Counts)**

As an independent contractor, Plaintiff lacks standing to bring the counts grounded in an alleged violation of the California Labor Code, Wage Orders and Fair Labor Standards Act. To the extent Plaintiff's counts are linked to any protections provided to employees under the California Labor Code, Wage Orders and/or the Fair Labor Standards Act, those counts are barred for lack of standing.

### FOURTH AFFIRMATIVE DEFENSE

**(Independent Contractor – Not Employed By Defendants – As To All Counts)**

Plaintiff's counts against Defendants are barred because Plaintiff was not employed by or an employee of Defendants.

/////

### FIFTH AFFIRMATIVE DEFENSE

**(Practice Was Not "Unfair" – As to Count Three)**

Defendants' business practices alleged in the Complaint are not "unfair" within the meaning of Business and Professions Code section 17200 in that the practices, if any, were justified because they were made in a good faith effort to protect Defendants' legitimate business interest.

### SIXTH AFFIRMATIVE DEFENSE

**(No Injury – As to Count Three)**

Plaintiff's cause of action under Business and Professions Code section 17200 is barred because Plaintiff has not suffered any injury in fact in the unfair competition context.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unfair Business Practices Act Is Unconstitutional – As to Count Three)**

The California Unfair Business Practices Act (Business and Professions Code section 17200 et seq.) is unconstitutional in that it violates the due process rights of Defendants and members of the general public.

### EIGHTH AFFIRMATIVE DEFENSE

**(Improper Relief Sought – As to Count Three)**

The relief sought by Plaintiff constitutes damages, not restitution or disgorgement of profits, and damages are not recoverable under Business and Professions Code section 17200 et seq.

### NINTH AFFIRMATIVE DEFENSE

**(Reservation)**

Defendants presently have insufficient knowledge and/or information with which to form a belief as to whether or not it may have additional as yet unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event that discovery and/or investigation indicates that additional affirmative defenses would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint herein;

1    2.    That judgment be entered in favor of Defendants;

2    3.    For costs of suit incurred herein;

3    4.    For reasonable attorneys' fees; and

4    5.    For such other and further relief as this Court deems just and proper.

Dated: February 12, 2008

DLA PIPER US LLP

By _____
JOHN R. SHUMAN, JR.
TONYA M. CROSS
Attorneys for Defendants
MATERIAL IN MOTION, INC. and TED SALAH