ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 286-6619
waqw@sbcglobal.net

Attorney for Plaintiff

JOHN R. SHUMAN, JR. (Bar No. 100236)
TONYA M. CROSS (Bar No. CA 236867)
Email: tonya.cross@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.3548
Fax: 619.699.2701

Attorneys for Defendants

STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| JOSE LUIS ZURITA, | Case No.: C07-05729 RMW PVT |
|---|---|
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| vs. | DATE: March 14, 2008 |
| MATERIAL IN MOTION, INC, TED SALAH and DOES 1-10 | TIME: 10:30 a.m. <br> DEPT: 6 <br> JUDGE: Ronald M. Whyte |
| Defendants | |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Statement.

1.  **JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiff's claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

## 2. FACTS

Plaintiff contends that he was employed by Material In Motion ("MIM") during the four year period prior to the filing of his Complaint. In this action, Plaintiff seeks overtime pay under state and federal law, and relief under the California Labor Code.

The principal factual issues in dispute are:

a. Whether Plaintiff was an employee or independent contractor of MIM.

b. Whether and to what extent Plaintiff has not been paid overtime to which he was entitled;

c. Whether Plaintiff is owed any "waiting time" or other penalties under the California Labor Code.

## 3. LEGAL ISSUES

Plaintiff asserts that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Plaintiff further alleges that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs. Plaintiff further alleges that Defendants failed to pay Plaintiff's wages upon termination in violation of California Labor Code § 201. Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200. Defendants dispute these assertions and contend that Defendant Ted Salah is not a proper party in this action because he did not contract with or employ Plaintiff.

## 4. MOTIONS

The parties anticipate the filing of the following motions:

(a) Plaintiff's motion for leave to amend;

(b) Plaintiff's Motion for Summary Judgment or Summary Adjudication;

(c) Defendants' Motion for Summary Judgment and/or Summary Adjudication;

(d) Plaintiff's Motion for Attorney's Fees.

/////

5. **AMENDMENT OF PLEADINGS**

The parties are discussing a possible stipulation to allow Plaintiff to file a First Amended Complaint. In the event that such a stipulation is not agreed upon, Plaintiff will move to file a First Amended Complaint to add claims for civil penalties on behalf of all employees under the Labor Code Private Attorney General's Act.

6. **EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of their obligation to preserve all electronically stored or other evidence.

7. **DISCLOSURES**

The parties have exchanged their initial disclosures.

8. **DISCOVERY**

No discovery has occurred. The parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure. The parties anticipate that they will serve document requests and interrogatories, and that no more than five depositions will be taken in this action, including the depositions of Plaintiff and Defendant Ted Salah.

9. **CLASS ACTION**

N/A.

10. **RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

11. **RELIEF**

Since discovery has not commenced, Plaintiff has no sufficient record or information to accurately calculate damages sustained. Defendants contend that if liability is established, damages should be limited to one-half of Plaintiff's regular rate of pay times any overtime hours that he actually worked.

/////

3    C07-05729 RMW PVT

JOINT CASE MANAGEMENT STATEMENT
Zurita v. Material In Motion, et al.
SD\1785579.1

**12. SETTLEMENT AND ADR**

The parties have had some very preliminary settlement discussions and have agreed to participate in court sponsored mediation. The parties have complied with ADR L.R. 3-5.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff will consent to the assignment of this case to a Magistrate Judge for the all further proceedings.

Defendants will not consent to the assignment of this case to a Magistrate Judge.

**14. OTHER REFERENCES**

The parties agree that that this case is not suitable for binding arbitration and do not agree on any other reference.

**15. NARROWING OF ISSUES**

To the extent that liability is established, the parties expect that there will be records available to accurately calculate any potential overtime liability, and thus damages, if any, can be determined in a straightforward fashion.

**16. EXPEDITED SCHEDULE**

Subject to the proposed schedule below, the parties believe that this case can be put on an expedited schedule.

**17. SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

 (a) Fact discovery cutoff on September 5, 2008;

 (b) Expert reports due by October 3, 2008;

 (c) Expert rebuttal reports due by November 7, 2008;

 (d) Expert discovery cutoff on December 5, 2008;

 (e) Last day of hearing for dispositive motions on December 16, 2008;

 (f) Pretrial conference on January 8, 2009;

 (g) Trial on February 2, 2009.

The parties agree to meet and confer concerning any modifications to this plan.

18. **TRIAL**

Plaintiff has requested a jury trial. Plaintiff estimates length of trial is 7 court days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the required Certification pursuant to Local Rule 3-16 and have no non-party interested entities or persons to report.

20. **OTHER MATTERS**

None.

DATED: March 8, 2008

DAL BON & WANG

By: /s/ Adam Wang
ADAM WANG
Attorney for Plaintiff

DATED: March 8, 2008

DLA PIPER US LLP

By: /s/ Tonya M. Cross
John R. Shuman, Jr.
Tonya M. Cross
Attorney for Defendants